# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **KELVIN WILSON, ET AL.** | **CIVIL ACTION NO. 3:16-CV-00161** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MOUNTAIN LAKE RISK RETENTION GROUP, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending here is Defendants Mountain Lake Risk Retention Group; Sonya Regina Lott; and Total Transportation of Mississippi, LLC's ("Defendants") Motion in Limine to Exclude DTI/Volumetric Evidence and Witnesses [Doc. No. 97]. Plaintiffs Kelvin Wilson and Shantel Wilson ("Plaintiffs") have filed an opposition [Doc. No. 104]. Defendants have filed a reply to the opposition [Doc. No. 107]. For the following reasons, the Defendants' Motion in Limine is GRANTED IN PART and DENIED IN PART.

This case arises from a vehicular accident on November 19, 2015, in Madison Parish, Louisiana. Plaintiff Kelvin Wilson suffered injuries when the vehicle he was operating was struck in the rear by an 18-wheeler operated by Defendant Sonya Regina Lott. Plaintiffs have listed, as an exhibit to be offered at trial, an eleven (11) page report, with addendums, on "MINDSET/Doctors Imaging" letterhead, which discusses a "diffuse tensor imaging" ("DTI") and "volumetric" analysis performed on Plaintiff Kelvin Wilson to support his claim for an alleged traumatic brain injury.[1]

In the pending Motion in Limine, Defendants seek to exclude the following evidence and

---

[1] DTI/volumetric analysis is performed by a computer, using a statistical software program. [Doc. Nos. 97-7, 104-1]

witnesses from evidence at the trial of this case:

1) The MINDSET report and appendix;

2) Any reference to the MINDSET report, its substance and any "DTI/volumetric evidence" from the testimony of any physician, expert or other witnesses(es);

3) Any reference to the MINDSET report, its substance and any "DTI/volumetric evidence" from any documents, records or exhibits, including but not limited to the records of Dr. Weir;

4) The testimony of Dr. Edward Soll and any other witnesses(es) associated with Doctors Imaging/MINDSET and/or other witness about DTI/volumetric analysis; and

5) The testimony of Dr. Edward Soll for any purpose at trial.

Defendants contend (1) that the MINDSET report is inadmissible hearsay and is inadmissible due to lack of adequate foundation; (2) that the DTI evidence fails *Daubert* standards if offered, as here, to support an individual patient's traumatic brain injury ("TBI") claim; and (3) that the particular DTI/volumetric evidence in this case is completely invalid.

With regard to the first contention, Defendants contend that the MINDSET report is hearsay under Federal Rules of Evidence 801 and 802 and that the report does not fall within any exception for admissibility under Federal Rules of Evidence 803, 804, or 807. Defendants further contend that Plaintiffs cannot produce a witness who can provide an adequate foundation for the report.

Plaintiffs respond that the MINDSET report, even if hearsay, is admissible because it is a record of a regularly conducted activity, pursuant to Federal Rule of Evidence 803(6), which provides that a report made at or near the time by a person with knowledge, in the course of a regularly conducted business activity making such reports, is a valid exception to the hearsay rule,

so long as a qualified witness or certification is provided and the source, method or circumstances of preparation do not indicate a lack of trustworthiness. Plaintiffs argue that the MINDSET report is a regularly prepared report, made near the time of analysis and kept in the regular course of MINDSET's business and that Dr. Jeffery Lewine ("Dr. Lewine"), a newly-identified expert witness, can establish its trustworthiness.

Plaintiffs additionally respond that the MINDSET report is admissible as a statement made for medical diagnosis or treatment, pursuant to Federal Rule of Evidence 803(4).

Defendants reply that Plaintiffs' arguments are based on an apparent attempt to add a new, non-medical expert witness, contrary to their previous representations and in violation of Rule 26 and the Court's scheduling order.

The Court agrees with Defendants. Federal Rule of Civil Procedure 26(a)(1)(A) provides, in pertinent part, "a party must, without awaiting a discovery request, provide to the other parties: the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses . . . ." Rule 37(c), in turn, provides that if a party fails to identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). In addition to the general rule for disclosure of witnesses, the deadline for all parties to identify their experts to opposing parties under the Court's Scheduling Order was April 19, 2019. [Doc. No. 34].

The MINDSET report, which summarizes the "DTI/volumetric" opinions proffered by Plaintiffs, appears to be authored by multiple persons, including Dr. Soll and Dr. Lewine.

3

Defendants asked Plaintiffs to confirm which of the apparent authors that Plaintiffs intended to call at trial and advised Plaintiffs that they intended to depose any and all such witness(es). Plaintiffs advised Defendants that the only witness they intended to call to testify about the MINDSET report was Dr. Soll. [Doc. No. 97-5]

Dr. Soll, a retired radiologist who has limited his practice to "DTI" for the last five years, works under the name "Doctors Imaging." [Doc. No. 97-2, p. 3]. A MRI scan of the brain of Plaintiff Kelvin Wilson was performed at Doctors Imaging in Metairie, Louisiana, on April 30, 2019. [*Id*., p. 10–12] The MRI images were then transmitted electronically from Doctors Imaging in Metairie to MINDSET, a separate organization located in New Mexico, where a volumetric and DTI analysis was performed by Dr. Lewine and his colleagues. [*Id*., p. 8]. Although Dr. Lewine holds Bachelors, Masters, and Doctoral degrees in Neuroscience, he is a not a medical doctor. [Doc. No. 104-1]

When Dr. Soll was deposed, his testimony made it clear that he could not support the admission of any aspect of the MINDSET report or its conclusions. Dr. Soll stated that the "Volumetric Findings" and "Diffusion Tensor Imaging Findings" stated in the MINDSET report are not opinions of himself or of Dr. Lewine; that they are not medical opinions or conclusions; and they are instead narrative statements of the results of the computer/software analysis. [*Id*., p. 9, 10]. He further stated he has no opinions about whether the conclusions in the MINDSET report are accurate or valid; that he does not intend to offer any testimony at trial as to the validity or substance of the conclusions; that he has "nothing to offer" with regard to the conclusions in the report [*Id*., p. 10, 12-13]; that he did not see Plaintiff Kelvin Wilson; that he did not perform or personally supervise the Wilson MR scan; that he did not review the MRI films to prepare the

MRI report; and that he did not review the films to evaluate their quality for DTI/volumetrics. [*Id*.]. When asked in his deposition to review some of the MRI images to comment on their quality, he refused. [*Id*., p. 20, 21].

Faced with the fact that Dr. Soll's testimony would be inadequate to provide a foundation for the report, Plaintiffs now suggest, for the first time in their opposition, that they intend to call Dr. Lewine to support admission of the report. However, Dr. Lewine cannot testify as a non-medical expert because he did not issue a report that complies with the requirements of Rule 26 or this Court for expert witness disclosures. The only report that purports to state Dr. Lewine's conclusions is the MINDSET report, which was identified by Plaintiffs as a medical record. That report does not comply with the requirements of Rule 26(a)(2)(B) for disclosure of expert testimony. The report is signed by multiple authors and is not a clear statement of one expert's opinions and reasons. It does not contain copies of "exhibits" that support the conclusion and has no information about Dr. Lewine's qualifications, list of publications, previous cases, or compensation for his work on the case.

The affidavit of Dr. Lewine submitted in opposition to Defendants' motion in limine contains information about his qualifications but it was only recently submitted –far beyond the April 29, 2019 deadline for expert reports [Doc. No. 34] and so close to the trial that Defendants would be unfairly prejudiced. Even more importantly, the affidavit contains completely new and different conclusions and statements of expert opinion, never documented before. In substance, Plaintiffs are attempting to offer an untimely, new expert report, far beyond the deadline and prejudicially close to the trial.

Plaintiffs have no witness that can provide a foundation for the admission of the

conclusions in the MINDSET report into evidence. Plaintiffs cannot be allowed to offer a report that contains expert opinions without an expert to offer valid support for those opinions. The MINDSET report is therefore inadmissible under Rules 701, 702, and 703.

Finally, the hearsay exceptions argued by Plaintiffs are inapplicable. The argument that the report is statement made for purposes of medical diagnosis admissible under Rule 803(4) is misplaced when the "statement" is actually test results, and the physician signer disavows knowledge of its contents. Rule 803(6) is likewise inapplicable because the report was prepared for the purposes of litigation and is not a report of regularly conducted business activity.

Accordingly, Defendants Motion in Limine is GRANTED to the extent it seeks to exclude:

1) The MINDSET report and appendix;

2) Any reference to the MINDSET report, its substance and any "DTI/volumetric evidence" from the testimony of any physician, expert or other witnesses(es);

3) Any reference to the MINDSET report, its substance and any "DTI/ volumetric evidence" from any documents, records or exhibits, including but not limited to the records of Dr. Weir; and

4) The testimony of Dr. Soll and any other witnesses(es) associated with Doctors Imaging/MINDSET and/or other witness about DTI/ volumetric analysis.

However, Defendants' Motion in Limine is DENIED to the extent it seeks to exclude Dr. Soll as a witness for any purpose at trial. Dr. Soll should be allowed to testify, if his testimony is relevant, such as to any treatment that he provided Plaintiff Kelvin Wilson, exclusive of DTI/volumetric analysis.[2]

---

2  Having concluded that Defendants' Motion in Limine should be granted for the above reasons, the Court need not consider Defendants' additional arguments for granting the motion, i.e., that that the DTI evidence fails *Daubert* standards if offered, as proposed here, to support an individual patient's traumatic brain injury ("TBI") claim; and that the particular DTI/volumetric evidence in this case is completely invalid.

Monroe, Louisiana, this 7th day of January, 2020.

```
_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE
```